[Cite as *State v. Morris*, 2014-Ohio-536.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

STATE OF OHIO                                    :

      Plaintiff-Appellee                      :            C.A. CASE NO.    25806

v.                                               :            T.C. NO.    2013 CR 1045

DARIN E. MORRIS                                  :              (Criminal appeal from
                                                              Common Pleas Court)

      Defendant-Appellant                     :

                                                 :

. . . . . . . . . .

**O P I N I O N**

Rendered on the _____14th_____ day of _____February_____, 2014.

. . . . . . . . . .

CARLEY J. INGRAM, Atty. Reg. No. 0020084, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
      Attorney for Plaintiff-Appellee

MONTE K. SNYDER, Atty. Reg. No. 0005213, 6501 Germantown Rd., Lot 41, Middletown, Ohio 45042
      Attorney for Defendant-Appellant

DARIN E. MORRIS, #A685-906, Lebanon Correctional Institute, P. O. Box 56, Lebanon, Ohio 45036
      Defendant-Appellant

. . . . . . . . . .

FROELICH, P.J.

{¶ 1} Darin E. Morris pled guilty to burglary in violation of R.C. 2911.12(A)(2), a felony of the second degree. He was sentenced to a mandatory term of four years in prison.

{¶ 2} On appeal, Morris's appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), stating that after thoroughly examining the record, he found no potentially meritorious issues for appeal. Counsel identified one possible assignment of error, namely that the trial court had not assured that Morris's plea was knowingly, intelligently, and voluntarily entered. We informed Morris that his appellate attorney had filed an *Anders* brief on his behalf and granted him sixty days from that date in order to file a pro se brief. To date, no pro se brief has been filed. The State also has not provided a substantive response to Morris's counsel's *Anders* brief. The case is now before us for our independent review of the record. *Penson v. Ohio*, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988).

{¶ 3} In April 2013, Morris was indicted on one count of burglary. In May 2013, he pled guilty to the charged offense. At the plea hearing, the prosecutor indicated that the State "elect[ed] to defer to the Court for sentencing." Based on the attorneys' and judge's statements at the plea hearing, it appears that they were aware of one or more prior convictions for which Morris had served a lengthy sentence (perhaps as much as 17 years), but they were at that point unaware of the degree(s) of the prior offense(s). At sidebar, they discussed the fact that a prior conviction for a first- or second-degree felony would result in a mandatory sentence in the current case. The judge informed Morris that he could be facing two to eight years of mandatory time, but that she did not know the particulars of his previous offenses except for the length of time served. The judge offered to reschedule the

plea hearing so that he would have more time to consider his options, but Morris stated that he wanted to proceed with the hearing. The judge ordered a presentence investigation, stating that, "when we come back, if you want to withdraw your plea, it's not what you thought it was going to be, then you can withdraw it and set it for trial."

{¶ 4} The court proceeded to inform Morris of his possible sentence, that it was likely to be mandatory depending on his prior conviction(s), that he would also serve a mandatory term of post-release control for three years, and that he would not be eligible for judicial release or community control sanctions. The court stated the maximum possible fine. The court informed Morris of the rights he was waiving by not proceeding to trial. It also confirmed that he understood his plea, that he was satisfied with his legal representation, that no promises or threats had been made relating to the plea, and that he was voluntarily entering his plea.

{¶ 5} At the sentencing hearing, the court stated that the presentencing investigation confirmed the existence of several prior convictions for first- and second-degree felonies, which made the sentence in the current case mandatory. Morris expressed no disagreement and no desire to withdraw his plea. The court imposed a four-year sentence, with three years of mandatory post-release control; no fine or restitution was ordered to be paid.

{¶ 6} The trial court thoroughly reviewed with Morris his rights, his understanding of his plea, and his willingness to enter the plea. The voluntary, knowing, and intelligent nature of his plea does not present a potentially meritorious issue for appeal.

{¶ 7} Having conducted our independent review of the record, we also find no

other arguably meritorious issues for review.

{¶ 8}     The judgment of the trial court will be affirmed.

. . . . . . . . . .

FAIN, J. and DONOVAN, J., concur.

Copies mailed to:

Carley J. Ingram
Monte K. Snyder
Darin E. Morris
Hon. Frances E. McGee